Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
Heather J. Zacharia, SBN 280444
BULLIVANT HOUSER BAILEY PC
235 Pine Street, Suite 1500
San Francisco, California  94104-2752
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:  ron.richman@bullivant.com
         susan.olson@bullivant.com
         heather.zacharia@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>IMPERIAL SHOTCRETE, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR A MANDATORY INJUNCTION** |

NOW COMES the plaintiffs, hereinabove named, and for their causes of action against defendant, allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions, and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. section 185

1  (section 301 of the Labor Management Relations Act of 1947, as amended, and 29 U.S.C. sections
2  1132(a)(3) and 1132(e)(1) (Employment Retirement Income Security Act of 1974 ("ERISA")
3  §§ 502(a)(3) and 502(e)(1)).  The suite arises from defendant's failure to make trust fund
4  contributions as required by the collective bargaining agreement, written trust agreements, and
5  federal law.
6       2.    Venue is properly laid in the U.S. District Court for the Northern District of
7  California in that, under ERISA section 502(e)(2), 29 U.S.C. section 1132(e)(2), contributions are
8  made to, and benefits paid from, a corporate co-trustee bank in the Northern District of California.

9  **PARTIES**

10       3.    The Cement Masons Health and Welfare Trust Fund for Northern California,
11  Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension
12  Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern
13  California are the plaintiffs herein (collectively, "plaintiffs").  Plaintiffs are trust funds organized
14  under and pursuant to the provisions of sections 302(c)(5) and 302(c)(6) of the Labor Management
15  Relations Act of 1947, as amended, 29 U.S.C. sections 186(c)(5) and 186(c)(6).  The trust funds
16  were established through collective bargaining agreements between the District Council of Plasters
17  and Cement Masons of Northern California, and employer associations representing construction
18  industry employers doing business in Northern California.  Plaintiffs are employee benefit plans
19  created by written trust agreements subject and pursuant to sections 3(3) and 3(37) of ERISA, 29
20  U.S.C. sections 1002(3) and (37).  The Boards of Trustees, as fiduciaries, sue on behalf of the trust
21  funds.
22       4.    Each plaintiff is a third party beneficiary of the collective bargaining agreement
23  describe below.
24       5.    At all times mentioned herein, each plaintiff was an express trust created by a
25  written trust agreement subject and pursuant to section 302 of the Labor Management Relations
26  Act, 29 U.S.C. section 186, and a multi-employer benefit plan within the meaning of sections 3 and
27  4 of ERISA, 29 U.S.C. sections 1002 and 1003.
28  ///

6. Plaintiffs provide a variety of benefits for cement masons, retired cement masons, and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Boards of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Imperial Shotcrete, Inc., was and is a California corporation with its principal place of business located in Tracy, California. Plaintiffs are further informed and believe, and upon that ground allege, that Imperial Shotcrete, Inc. is and has been an employer within the meaning of section 3(5) and section 515 of ERISA, 29 U.S.C. section 1002(5) and section 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the Labor Management Relations Act, 29 U.S.C. section 185.

### FIRST CLAIM FOR RELIEF

### (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

8. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 – 7 of this Complaint.

9. On or about February 7, 2003, Imperial Shotcrete, Inc., agreed to be bound to the Master Agreement. By virtue of its agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written trust agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours, and conditions of employment prescribed therein with the Cement Masons Union.

10. By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that: (1) it would pay employee fringe benefit contributions into each trust fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay interest on the delinquent contribution in

– 3 –

the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, they would pay into said trust funds the attorneys' fees, costs, and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Cement Masons Union and Imperial Shotcrete, Inc. has never been terminated.

12. Plaintiffs have performed all conditions, covenants, and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and trust agreements.

13. Plaintiffs have on more than one occasion requested entry by their auditors to defendant's business premises to inspect and copy defendant's books and records pursuant to the terms and conditions of the Master Agreement and Trust Agreements.

14. Defendant refused and continues to refuse to allow plaintiffs' auditor to enter upon defendant's business premises to inspect and copy defendant's books and records.

15. Plaintiffs are informed and believe that an inspection of defendant's books and records will show unpaid and delinquent employee fringe benefit contributions owed to the Trust Funds and that defendant owes interest and liquidated damages on said unpaid and delinquent fringe benefit contributions all in an amount to be proven at trial.

16. Defendant has materially breached and broke the aforementioned Master Agreement and trust agreements by (a) refusing to allow the inspection and copying of defendant's business records by plaintiffs' auditors and (b) failing to pay all employee fringe benefit contributions owed to the plaintiffs under the terms and conditions of the Master Agreement and trust agreements. Plaintiffs will move to further amend this Complaint once the audit is complete and the amount of delinquent employee fringe benefit contributions is calculated.

17. The aforementioned material breaches proximately caused damages to plaintiffs in an amount according to proof at trial.

18. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and trust agreements, plaintiffs request

the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

## (MANDATORY INJUNCTION)

## (ERISA § 502(g)(2)(E))

19.Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained in paragraphs 1 – 18 of this Complaint.

20.Pursuant to the terms and conditions of the Master Agreement and trust agreements, defendant is required to allow plaintiffs access to its books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the trust funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension, and other benefits for cement masons, retired cement masons, and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with the terms of the agreement with respect to the payment of contributions to the trust funds.

21.Pursuant to ERISA section 502(g)(2)(E), 29 U.S.C section 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA section 502(a)(3), 29 U.S.C. section 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant to permit plaintiffs' auditor access to the books and records of defendants in order to permit plaintiffs to verify the precise amounts owed by defendant to the trust funds.

22.Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of books and records of defendant is the only means to accurately verify the additional amounts owed by defendant to plaintiffs.

# RELIEF REQUESTED

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant Imperial Shotcrete, Inc., for all unpaid contributions, additional accrued interest, and liquidated damages, and such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendant's books and records, for costs of suit, attorneys' fees, and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, that defendant Imperial Shotcrete, Inc., be compelled to forthwith submit to an audit of its books by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendant during business hours, at a reasonable time or times, and to allow said auditor to examine and copy such books, records, papers, and reports of defendant that are relevant to the enforcement of the collective bargaining agreement and trust agreements, including but not limited to the following for the period of January 2013 through the last completed quarter:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1066; Payroll Registers/Journals; Individual earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED: September 12, 2016

BULLIVANT HOUSER BAILEY PC


By  /s/ Heather J. Zacharia
    Heather J. Zacharia

Attorneys for Plaintiffs

4811-1986-8728.1

– 6 –

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND FOR A MANDATORY INJUNCTION